**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TYRA CAIRE TREADWAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6834** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "O"** |

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") motion[1] for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs Tyra Caire Treadway ("Treadway") and M1SRJT Jeanette, LLC ("M1SRJT") oppose.[2] For the following reasons, the Court **DENIES** the motion.

## I.    BACKGROUND

According to Plaintiffs' First Amended Complaint,[3] Plaintiff Tyra Treadway owned a property located at 7000-02 Jeannette Street, New Orleans, Louisiana 70118 (the "Property"). The Property was insured under State Farm homeowners' policy (the "Policy"). On August 29, 2021, Hurricane Ida made landfall in Louisiana and the Property—which at the time was still owned by Treadway—experienced damage.[4]

Almost two years after Hurricane Ida, on August 9, 2023, Plaintiff M1SRJT purchased the Property from Treadway. As part of the purchase, Treadway assigned her State Farm insurance claim for damage to the Property to M1SRJT, including

---

[1] ECF No. 43.
[2] ECF No. 46.
[3] ECF No. 22.
[4] *Id.* ¶¶ 5-8.

the "right to pursue and collect all additional damages, penalties, attorney's fees, and costs that [State Farm] may be liable for as a result of its bad faith conduct in connection with its adjustment of the claim as a result of Hurricane Ida."[5]

Several months later, Treadway filed an Amended Complaint adding M1SRJT as co-plaintiff and alleging for the first time that M1SRJT is the assignee of the insurance claim.[6] State Farm's Answer to the Amended Complaint denied that allegation.[7] As its twenty-second defense, State Farm quoted from the portion of the insurance policy at issue, which prohibits the assignment of claims without its written consent:

> **Assignment of Claim.** Assignment to another party of any of *your* rights or duties under this policy regarding any claim, or any part of any claim, whether the assignment is made prior to or after the loss, will be void. **We** will not recognize any assignment, unless *we* give *our* written consent. However, once *you* have complied with all policy provisions, *you* may assign to another party, in writing, payment of claim proceeds otherwise payable to *you.*[8]

State Farm's Answer also presented an alternative defense. As its twenty-fourth defense, State Farm pleaded that Treadway "is not a real party in interest and lacks standing and/or the capacity to sue as she assigned all of her rights and interests in the insurance claim forming the basis of this lawsuit prior to the commencement of this lawsuit."[9] And State Farm's twenty-third defense averred that "Plaintiffs' claims are barred, in whole or in part, by prescription."[10]

---

[5] *Id.* ¶ 9.
[6] ECF No. 22.
[7] ECF No. 27 at 15 ¶ 9.
[8] *Id.* at 12 (emphasis in original).
[9] *Id.*
[10] *Id.*

State Farm now brings a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking to dismiss Plaintiffs' claims. According to State Farm, Plaintiffs' Amended Complaint establishes that Treadway assigned her insurance claim and all rights under the State Farm policy associated with the Property to M1SRJT when Treadway sold the Property. Accordingly, Treadway is not the proper party in interest and thus has no right of action against State Farm. Moreover, argues State Farm, the claims later asserted in the January 2025 Amended Complaint by M1SRJT—the proper party in interest—are prescribed because they were filed more than two years after the August 29, 2021 loss and do not relate back to Treadway's original petition.

Plaintiffs oppose. They contend that the Court cannot accept as fact the alleged assignment for several reasons, including that it is denied by State Farm and prohibited by the operative insurance contract. Instead, argue Plaintiffs, the validity of the assignment is an open legal question—one that requires a legal conclusion after weighing of summary judgment evidence and is therefore inappropriate for this Court to resolve in a Rule 12(c) motion. According to Plaintiffs, any inconsistency in their pleadings—including pleading an allegation of assignment to M1SRJT while also maintaining that Treadway is the proper party to this suit—is permissible under Fed. R. Civ. P. 8(d).

The Court considers the arguments as follows.

## II.    LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "The standard for dismissal 'is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).'" *Johnson v. Miller*, 98 F.4th 580, 583 (5th Cir. 2024) (quoting *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015)). So, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

## III.   ANALYSIS

State Farm contends that the Court must "accept the truth" of Plaintiffs' allegation that Treadway "assigned the insurance claim" and all associated rights to M1SRJT on August 9, 2023, three weeks before Treadway filed her state court complaint on August 26, 2023.[11] According to State Farm, this "judicial confession" by Plaintiffs of the claim's assignment reveals that Treadway was not the proper

---

[11] ECF No. 49 at 2-3.

party in interest when she filed the suit in state court. Rather, contends State Farm, M1SRJT is the only party that has an enforceable claim. Under La. R.S. 22:868(B) and the Policy, a lawsuit for hurricane damage must be filed within two years of the date of the storm—here, August 2021. Because M1SRJT was not added to the suit as a co-plaintiff until the filing of the January 10, 2025 Amended Complaint, State Farm asserts that M1SRJT's claims are prescribed and any later claims asserted by M1SRJT cannot relate back to Treadway's improper claim.

State Farm's argument requires the Court to agree with a core assumption: that is, Plaintiffs' allegation that "Plaintiff Treadway [] assigned the insurance claim with the purchase of the property to Plaintiff M1SRJT" is a binding judicial admission. The Court declines to do so. "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Cascio v. State Farm Fire & Cas. Co.*, No. CIV.A. 11-1699, 2011 WL 5439331, at \*1 (E.D. La. Nov. 9, 2011) (Feldman, J.) (citing *Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002)).

The "material fact" at issue here is whether Treadway assigned the insurance claim to M1SRJT before filing the lawsuit. Contrary to State Farm's assertion, that fact is very much "in dispute." *Cascio*, 2011 WL 5439331, at \*1. For one, State Farm denied the allegation in its Answer.[12] What's more, State Farm's Answer excerpted

---

[12] ECF No. 27 at 15 ¶ 9.

from the insurance policy at issue, which expressly states that State Farm will "not recognize any assignment, unless **we** give **our** written consent."[13] State Farm's motion implies that the Court should only consider the allegations in the Amended Complaint when deciding a motion for judgment on the pleadings. But "[t]he 'pleadings' include the complaint, answer to the complaint, and 'if the court orders one, a reply to an answer.'" *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (quoting Fed. R. Civ. P. 7(a)). The pleadings here—which include State Farm's Answer—squarely present the issue of assignment as a disputed question.

Further, in ruling on a Rule 12(c) motion, courts "accept all well-pled facts as true," but "conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Hodge*, 90 F.4th at 843 (citation omitted). Louisiana Civil Code article 2653 invalidates a contract's anti-assignment clause when the assignee is ignorant of its existence. La. Civ. Code art. 2653 ("A right cannot be assigned when the contract from which it arises prohibits the assignment of that right. Such a prohibition has no effect against an assignee who has no knowledge of its existence."). In other words, under Louisiana law, if the assignee had knowledge of the contract's anti-assignment provision before the assignment, the assignment is void. *See id.*; *see also Fulltime Restoration Inc. v. State Farm Fire & Cas. Co.*, 2022 WL 90179, at *3 (W.D. La. Jan. 7, 2022) (finding that if the assignee has actual or constructive knowledge of the anti-assignment clause, it is void). Accordingly, it is

---

[13] *Id.* at 12 (emphasis in original).

6

possible that Treadway successfully assigned the insurance claim to M1SRJT—in spite of the anti-assignment clause—if M1SRJT was unaware of the anti-assignment clause. But such a finding would require this Court to make a legal conclusion inappropriate at this stage of the proceeding. *See Fulltime Restoration*, 2022 WL 90179, at *3 (denying the defendant's motion for summary judgment where there was "not enough information to impute knowledge of the anti-assignment clause to" the assignee).

Finally, the Court agrees with Plaintiffs that any inconsistencies found in the factual and legal theories presented in the parties' pleadings are permissible under Fed. R. Civ. P. 8(d), which allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Indeed, under that rule, a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." *Id.* In this case, Plaintiff Treadway filed an initial state court petition[14] against State Farm that did not include M1SRJT. Plaintiff later moved to file a First Amended Complaint, explaining to the Court that Treadway "assigned the insurance claim at issue [to M1SRJT] with the purchase of the property," while also acknowledging that the State Farm policy, which it attached to its motion, "includes a provision that voids an assignment of the insured's rights under the policy to another party."[15] Plaintiffs accordingly sought to amend their complaint and add M1SRJT as a co-party "to assuage any concerns by

---

[14] ECF No. 1-1.
[15] ECF No. 13-1 at 2; ECF No. 13-5 (State Farm Policy exceprt).

State Farm that it may be exposed to multiple claims."[16] In other words, Plaintiffs' amendment sought to capture both potential grounds of recovery against State Farm—by either Treadway or M1SRJT.

Indeed, State Farm appears to have understood Plaintiffs' strategy of pleading alternative theories, because it too plead alternative and inherently inconsistent defense theories in its Answer. That is, State Farm not only denied the validity of the assignment under the terms of the policy, but also alternatively pled that Treadway "assigned all of her rights and interests in the insurance claim" and thus is "not a real party in interest."[17] Because the parties are permitted to take these inconsistent and alternative theories of recovery and defense under Rule 8(d), the Court will not penalize Plaintiffs for doing so in their Amended Complaint. *See Citizens & S. Nat'l Bank v. Am. Sur. Co.*, 347 F.2d 18, 23 (5th Cir. 1965) (noting "the Federal Rules of Civil Procedure do not require consistency of pleadings"); *Martin Braun, S.A. v. Time Cent., Inc.*, 2010 WL 11652135, at *3 (W.D. Tex. Dec. 13, 2010), *report and recommendation adopted,* 2011 WL 13324339 (W.D. Tex. Mar. 30, 2011) ("Fortunately for both parties, the Federal Rules of Civil Procedure permit the pleading of such apparent inconsistencies . . . any inconsistency by TCI in failing to admit the Agreement is a valid enforceable contract while also asserting claims based on breach of the Agreement is not a valid reason for dismissal."). Accordingly, the Court denies Defendant's motion for judgment on the pleadings.

---

[16] *Id.*
[17] ECF No. 27 at 12, 15 ¶ 9.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that State Farm's Rule 12(c) motion[18] for judgment on the pleadings is **DENIED**.

New Orleans, Louisiana, this 28th day of April, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[18] ECF No. 43.

9